NOTE CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RODERICK WRIGHT, FERNANDO OLIVAREZ, and MARCUS HAYNES, JR., and MICHAEL WATSON, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENZENBERGER, INC., a Kansas corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No: 2:13-cv-06642-FMO-AGR<br><br>Complaint filed: July 15, 2013<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Assigned to: Fernando M. Olguin<br><br>Referred to: Magistrate Judge Alicia G. Rosenberg |

NOTE CHANGES MADE BY THE COURT

Plaintiffs RODERICK WRIGHT, FERNANDO OLIVAREZ, and MARCUS HAYNES, JR., and MICHAEL WATSON ("Plaintiffs") and Defendant RENZENBERGER, INC. ("Defendant"), by and through their counsel of record, enter into this Stipulated Protective Order ("Protective Order") and agree as follows:

**1. DEFINITIONS**

The following definitions apply to this Protective Order:

a. "Action" means and refers to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the

Action, and from any other action consolidated at any time under the above-captioned matter, through final judgment.

b. "Confidential Document" means any document that any Designating Party (defined below) designates as "Confidential" or "Confidential – Attorneys Eyes Only" in the manner set forth in this Protective Order.

c. "Confidential Information" means any information not made available to the general public that concerns or relates to trade secret information, proprietary, business and financial information, personal information, or any other information that any Designating Party reasonably contends should be protected from unrestricted disclosure.

d. "Designating Party" means any party designating information or a document as "Confidential" or "Confidential – Attorneys Eyes Only."

e. "Legend" means a stamp or similar insignia stating "Confidential" or "Confidential – Attorneys Eyes Only," or other appropriate term or terms identifying the level of confidentiality of the document.

f. "Outside Counsel" as set forth in Sections 2(d), 3(b)(i) and 3(c)(i) are limited to counsel of record in this Action only, which includes all attorneys of the firms or offices that have appeared in this Action on behalf of a Party, either in person or in writing, their administrative staff, and paralegals. Documents designated "Confidential – Attorneys Eyes Only" must not be disclosed to a Party, or to any officer, director, employee or agent of a Party, unless otherwise agreed by the Designating Party or Designating Parties in writing prior to any disclosure or as expressly provided in this Protective Order.

g. "Party" means each of the named Parties in this Action, any third party who executes and delivers to counsel the "Agreement to Terms of Stipulated Protective Order," attached as Exhibit A, and their respective directors, officers, and employees at the time of disclosure of Confidential Documents or Confidential Information.

h. "Receiving Party" means any party receiving Confidential Documents or Confidential Information of a Designating Party.

i. When reference is made in this Protective Order to any document or to any party, the singular includes the plural, and plural includes the singular.

## 2. DESIGNATION OF DOCUMENTS

a. The Designating Party may designate a document as "Confidential" or "Confidential – Attorneys Eyes Only" by affixing the appropriate Legend to all copies of the document at the time of production. Except as provided in this Protective Order, the Designating Party must make document designations at the time of production or within fourteen (14) days of the execution by the Parties to this Action of this Protective Order, whichever is later.

**"Confidential"** -- Any Designating Party may designate any document as "Confidential" that the Party reasonably and in good faith believes contains or refers to Confidential Information and that the unrestricted disclosure of this information would be harmful to the business or operations of the Designating Party or would breach any duty of confidentiality owed by the Designating Party, whether created by law, agreement or understanding.

**"Confidential – Attorneys Eyes Only"** -- Any Designating Party may designate any document as "Confidential – Attorneys Eyes Only" that the Designating Party reasonably and in good faith believes contains or refers to confidential information that is considered to be highly sensitive by the Designating Party, including but not limited to confidential trade secret information or confidential financial, proprietary, business, or personal information that, if disclosed, may cause significant competitive harm to the Designating Party or third party. Any information bearing the Legend "Attorney Only" or "Counsel Only" or "Confidential - Counsel Only" or "Attorneys Eyes Only" will be treated in the same manner as documents or information designated as "Confidential – Attorneys Eyes Only" under this Protective Order.



b. A Party may designate as "Confidential" or "Confidential – Attorneys Eyes Only" a document produced by someone else by informing in writing all Parties of the control or Bates number of the document within fourteen (14) days of that Party's receipt of the document or within fourteen (14) days of the Parties to this Action execution of this Protective Order, whichever is later. All Parties receiving written notice of the designation must affix the appropriate Legend to all pages of any copy or copies of the document in their possession.

c. Any Party may designate a deposition ~~or hearing~~ transcript (or any portion of these transcripts or their exhibits) as "Confidential" or "Confidential – Attorneys Eyes Only" by: (i) making the designation on the record during the deposition ~~or hearing~~ (in which case the stenographer will affix the appropriate Legend to the cover page and all designated pages of the transcript and any copies); or (ii) informing counsel for all other Parties of the designation in writing within fourteen (14) days after receipt of the transcript (in which case any Party in possession of an original or copy of the transcript must affix the appropriate Legend to the cover page and all designated pages and exhibits). During this fourteen (14) day period, any Party in possession of a deposition transcript must treat the transcript as if designated "Confidential – Attorneys Eyes Only," except that it may be reviewed during those 14 days by the person who was deposed.

d. A Designating Party will have the right to exclude from attendance at a deposition, during the time "Confidential – Attorneys Eyes Only" information is to be or may be disclosed, any person other than the deponent, Outside Counsel of record in this Action (including their staff), in-house counsel of a Party (including their staff), independent experts and consultants retained for this Action that have executed Exhibit B to this Protective Order, the court reporter and videographer (if any).

3. **PROVISIONS AND LIMITATIONS OF USE**

a. All Confidential Documents and Confidential Information in this

1  Action must be used by the Receiving Party solely for purposes of the prosecution,
2  defense or settlement of this Action, including, without limitation, discovery,
3  motions, briefs and preparation for the trial, appeals, and for no other purpose,
4  except as otherwise stated in this Protective Order. ~~This Protective Order does not~~ *Confidential documents and*
5  ~~necessarily permit the use of Confidential Documents or Confidential Information at~~ *Confidential Information used at trial will become public absent*
6  ~~trial. At the time of preparing a joint exhibit list, the Parties will fashion an order~~ *a separate court order upon written motion and a legally*
7  ~~governing the use of Confidential Documents and Confidential Information at trial,~~ *sufficient showing.*
8  ~~and, if necessary, will bring any disputes to the Court for resolution.~~ *(AGR)*

9        b. **"Confidential"** -- Documents or information designated
10 "Confidential" may be viewed only by: (i) Outside Counsel of record in this Action
11 for the Receiving Party; (ii) independent experts and consultants retained for this
12 Action provided they have read this Protective Order and executed Exhibit B to this
13 protective Order prior to viewing; (iii) general or in-house counsel for a Receiving
14 Party and its staff working on this litigation; (iv) court reporters and videographers;
15 (v) the Court and its officers; (vi) the individual named Parties including personnel
16 of the named Parties with whom Outside Counsel of record in this Action for the
17 named Parties find it necessary to consult, at the discretion of Outside Counsel, in
18 preparation for trial of the Action; (vii) independent non-party witnesses who do not
19 have a business or employment affiliation with the Receiving Party, provided that
20 each independent non-party witness executes Exhibit B to this Protective Order
21 prior to viewing the "Confidential" documents or information.; and (viii) any other
22 person or witnesses whom the Parties agree in writing prior to any disclosure that
23 disclosure is appropriate and who execute Exhibit B to the Protective Order prior to
24 viewing the "Confidential" documents or information. With respect to witnesses or
25 any other persons, the Parties agree that they will reasonably and in good faith
26 confer regarding the need for and appropriateness of the disclosure.

27       c. **"Confidential - Attorneys Eyes Only"** -- Documents or
28 Information designated "Confidential -- Attorneys Eyes Only" may be viewed only

by: (i) Outside Counsel of record in this Action for the Receiving Party; (ii) independent experts and consultants retained for this Action provided they have read this Protective Order and executed Exhibit B to this Protective Order prior to viewing the "Confidential -- Attorneys Eyes Only" documents or information; (iii) court reporters and videographers for either depositions or court hearings; (iv) the Court and its officers; and (v) any other person or witnesses whom the Parties agree in writing prior to any disclosure that disclosure is appropriate and who execute Exhibit B to this Protective Order prior to viewing the "Confidential – Attorneys Eyes Only" documents or information. With respect to witnesses or any other persons, the Parties agree that they will reasonably and in good faith confer regarding the need for and appropriateness of the disclosure.

    d.    **Other Authorized Persons** - Any person indicated on the face of a Confidential Document to be its originator, author or recipient of a copy may be shown the Confidential Document.

### 4. COPIES

All copies of any Confidential Documents and copies of any documents containing Confidential Information also constitute, and must be treated as, Confidential Documents as provided in this Protective Order. Any person making, or causing to be made, copies of any Confidential Documents or documents containing Confidential Information, must make certain that each copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

### 5. AGREEMENT TO MAINTAIN CONFIDENTIALITY

Unless and until otherwise ordered by the Court or otherwise agreed by the Parties, all documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" must be treated accordingly under this Protective Order.

### 6. OBJECTIONS TO DESIGNATION

Following the receipt of documents marked "Confidential" or "Confidential – Attorneys Eyes Only," any Party to the Action may object to the designation of the

document and seek a modification of the designation. The Party objecting to the designation must notify, in writing, counsel for the Designating Party of the objected-to materials and the grounds for the objection. The notification must be served via facsimile or electronic mail within twenty-one (21) calendar days after the materials have been produced to the objecting party. The Parties must, within fourteen (14) calendar days of service of the written objection, meet and confer in good faith to resolve the dispute. The requirement to meet and confer in good faith will be deemed satisfied after the expiration of fourteen (14) calendar days after service of the written notice of objection unless the Parties agree, in writing, to continue to meet and confer beyond that period.

If the dispute cannot be resolved, the Designating Party may bring a motion with the Court to have the material in dispute deemed as having been properly marked as "Confidential" or "Confidential – Attorneys Eyes Only," under the terms of this agreement. The motion must be filed within twenty-eight (28) calendar days from the date of service of the written notice of objection to the designation, unless otherwise agreed between the Parties in writing, and must be set for the earliest hearing date available. The motion also must comply with the applicable sections and rules of the ~~Code~~ Federal Rules of Civil Procedure, ~~California Rules of Court~~ and Local Rules, and comply with any applicable Court orders, including scheduling orders reflecting discovery and motion cut-off dates. If these requirements are not met, and/or no such motion is filed within that twenty-one (21) day period, the item or items in dispute will lose their status as "Confidential" or "Confidential-Attorneys Eyes Only," and will no longer be subject to this Protective Order. If a motion is timely filed by the Designating Party as set forth herein, then the documents that are subject of the Parties' dispute will continue to be treated in accordance with their designation (either "Confidential" or "Confidential-Attorneys Eyes Only") while the motion is pending. The fact that a Party fails to object to the designation of any document or other information under this Protective Order: (i) is not an admission

1  that the document or other information is in fact confidential; (ii) is not admissible
2  into evidence; and/or (iii) will not be the basis for cross-examination or
3  impeachment at any hearing or trial. ~~If a Party moves the Court for an order with~~
4  ~~respect to a dispute regarding the "Confidential" or "Confidential-Attorney Eyes~~
5  ~~Only" designation of a document, or if a Party otherwise files with the Court or~~
6  ~~intends to file with the Court any documents that have been designated~~
7  ~~"Confidential" or "Confidential-Attorneys Eyes Only, the Party must comply with~~
8  ~~the procedures and rules set forth in California Rule of Court 2.551 and attendant~~
9  ~~caselaw, statues and rules.~~ [AGR]

10      **7. FILING CONFIDENTIAL MATERIAL**

11  "Confidential" or "Confidential – Attorneys Eyes Only" material must be
12  handled as follows: unless the Parties otherwise agree in writing or the Court orders
13  otherwise, any Party intending to file "Confidential" or "Confidential – Attorneys
14  Eyes Only" material with the Court is required to ~~concurrently file redacted copies~~ **comply with Local Rule 79-5.** [AGR]
15  ~~and lodge unredacted copies, and to give the Party that designated the material as~~
16  ~~"Confidential" or "Confidential – Attorneys Eyes Only" written notice that this~~
17  ~~material will be placed in the public file unless, within ten (10) days of the notice,~~
18  ~~the Party designating the material as "Confidential" or "Confidential – Attorneys~~
19  ~~Eyes Only" or another Party in this Action files a motion for a sealing order in~~
20  ~~compliance with California Rule of Court 2.551, or files for or obtains an extension~~
21  ~~of time within which to file the motion.~~ A motion for an order sealing
22  "Confidential" or "Confidential – Attorneys Eyes Only" material must meet the
23  requirements set forth in ~~California Rule of Court 2.551.~~ The Parties agree to fully
24  abide by the terms of those rules and any other applicable court rules when filing or
25  considering whether to file materials that have been designated as "Confidential" or
26  "Confidential – Attorneys Eyes Only."

27      **8. NOTIFICATION OF DISCLOSURE**

28  The Parties, counsel, and each person receiving Confidential Documents or

Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If any Confidential Document or Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) who received the unauthorized disclosure.

## 9. INADVERTENT PRODUCTION OF CONFIDENTIAL DOCUMENTS OR INFORMATION

If a Party, through inadvertence, produces any Confidential Document or Confidential Information without labeling or marking or otherwise designating it in accordance with this Protective Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is "Confidential" or "Confidential – Attorneys Eyes Only" Information, and that the document or thing produced should be treated in accordance with that designation under this Protective Order. The Receiving Party must treat the materials as designated under this Protective Order upon receipt of written notice from the Designating Party. If the Receiving Party disclosed the materials before receiving the notice from the Designating Party, the Receiving Party must notify the Designating Party in writing of each disclosure and must retrieve or return, as necessary to comply with the terms of this Protective Order, all copies of the disclosed information and confirm in writing to the Designating Party that it has done so. The inadvertent production or disclosure of any Confidential Document or Confidential Information will not in itself constitute a waiver or impairment of any claim of confidentiality, privilege or other protection from discovery. All Parties, however, reserve all rights to challenge the confidential status of the inadvertent production or disclosure.

## 10. DESIGNATION REQUIRED

No Party will be responsible to another Party for disclosure of a Confidential Document or Confidential Information under this Protective Order, or otherwise be found in violation of this Protective Order, if, at the time of the disclosure, the information in question was not labeled or otherwise identified, and the time to do so has expired, in accordance with this Protective Order.

## 11. EVIDENTIARY OBJECTIONS NOT WAIVED

Notwithstanding anything to the contrary contained within this Protective Order, all objections as to admissibility of any Confidential Document or Confidential Information are reserved and are not waived by any terms of this Protective Order.

## 12. PRIVILEGE RETAINED

Nothing in this Protective Order prejudices the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

## 13. RESERVATION OF RIGHTS AND OBJECTIONS

The Parties reserve and retain all rights, privileges, and objections to the production of any document or tangible thing as set forth under federal or state law and court authority interpreting the applicable law. The Parties further expressly agree that execution of this Protective Order does not waive any of their rights, privileges, and objections to the production of any document or tangible thing under federal or state law and court authority interpreting the applicable law.

## 14. CONTINUATION OF PROTECTION AFTER DISPOSITION; RETURN OF CONFIDENTIAL INFORMATION

The termination of proceedings in the Action will not relieve any Receiving Party from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Protective Order, unless all of the Parties to the Action agree otherwise or unless the

1  Court rules otherwise. Upon the final disposition of the Action including any
2  appeals, the Parties will, upon request of the Designating Party, return any
3  Confidential Documents and documents containing Confidential Information
4  (including, in each case, all copies and summaries) to the Designating Party from
5  whom/which Confidential Documents or documents containing Confidential
6  Information were obtained, or may provide to counsel for the Designating Party
7  certification in writing that all Confidential Documents and documents containing
8  Confidential Information have been destroyed and that this information has been
9  purged from all machine-readable media on which it resides. However, the Parties
10 will be entitled to keep any court filings, attorney work product, deposition
11 transcripts or hearing transcripts, all of which will continue to be governed by this
12 Protective Order. The Court retains and will have continuing jurisdiction over the
13 Parties and recipients of Confidential Documents or Confidential Information for
14 enforcement of this Protective Order following termination of this Action.

15 **15. SEPARATE PROTECTIVE ORDER OR MODIFICATION OF**
16 **THIS PROTECTIVE ORDER**

17     This Protective Order will be without prejudice to the right of the Parties to
18 the Action to present a motion to the Court for a separate protective order as to any
19 particular document or information, including restrictions differing from those
20 specified in this Protective Order. In addition, this Protective Order will not be
21 deemed to prejudice the Parties in any way in any future application for
22 modification of this Protective Order. This Protective Order may be modified by
23 written agreement of the Parties subject to Court approval. ~~The Court may modify~~
24 ~~this Protective Order's terms and conditions for good cause, in the interest of justice~~
25 ~~or at any time in these proceedings.~~ The Parties ask that the Court provide them with
26 notice of the Court's intent to modify this Protective Order, and the content of those
27 modifications, prior to entry of such an order.

28



**16. NOTIFICATION BY FACSIMILE/EMAIL.**

Transmission by facsimile or email is acceptable for the specific notices identified in this Protective Order.

**17. JOINT MOTION FOR ENTRY**

The Parties shall jointly request that the Court enter this Stipulated Confidentiality Agreement as an order for the conduct of discovery in this case. The Parties agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

**IT IS SO STIPULATED.**

DATED: May __, 2018     HAYES PAWLENKO LLP

By: s/ Matthew B. Hayes
MATTHEW B. HAYES
Attorneys for Plaintiffs

DATED: May __, 2018     SOLOMON WARD SEIDENWURM & SMITH, LLP

By: s/ William V. Whelan
WILLIAM V. WHELAN
Attorneys for Defendant Renzenberger, Inc.

### Signature Certification

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all of other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

By: s/ William V. Whelan
WILLIAM V. WHELAN
Attorneys for Defendant Renzenberger, Inc.

1 **IT IS SO ORDERED.**

4 DATED: 5/25/2018          *Alicia G. Rosenberg*

5 HON. ~~FERNANDO M. OLGUIN~~
6 United States ~~District Court~~ Judge
    Magistrate

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RODERICK WRIGHT, FERNANDO OLIVAREZ, and MARCUS HAYNES, JR., and MICHAEL WATSON, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENZENBERGER, INC., a Kansas corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No: 2:13-cv-06642-FMO-AGR<br><br>Complaint filed: July 15, 2013<br><br>CLASS ACTION<br><br>**AGREEMENT TO TERMS OF STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Fernando M. Olguin<br><br>Referred to: Magistrate Judge Alicia G. Rosenberg |

The undersigned third party represents and warrants that:

1. The individual signing this Agreement is authorized to enter into this Agreement on behalf of _____ (the "Protected Party").

2. Representatives of the Protected Party have read the Stipulated Protective Order (the "Protective Order") entered in *Roderick Wright, et al. v. Renzenberger, Inc.,* U.S.D.C. Case No: 2:13-cv-06642-FMO-AGR, and have received a copy of the Protective Order. The Protected Party has had an opportunity to allow review by its legal counsel of the terms of the Protective Order.

3. The Protected Party understands that the Parties to the above-captioned action have requested information or materials from the Protected Party that may be sensitive, confidential information. The Protected Party wishes to avail itself of the Protective Order and its attendant protections regarding Protected Party's confidential and sensitive information.

4. By executing this agreement and providing information, the Protected Party agrees to the terms of the Protective Order, except as noted in paragraph 5 below, and may enforce the Protective Order against the Parties to the above-captioned action who already have agreed to be bound by the Protective Order. The Protected Party does not subject itself to the jurisdiction of courts of the State of California, and will not be considered to have made an appearance in the above-captioned action by executing this Exhibit A.

5. All disputes regarding the Protected Party's designation of information as Confidential Information (as defined in the Protective Order) will be resolved by the court of the jurisdiction from which the subpoena requesting such information from the Protected Party was issued.

Dated: _____

_____
Name of Protected Party

_____
Signature of Authorized Representative

_____
Printed Name of Authorized Representative

_____
Title of Authorized Representative

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| RODERICK WRIGHT, FERNANDO OLIVAREZ, and MARCUS HAYNES, JR., and MICHAEL WATSON, individuals on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RENZENBERGER, INC., a Kansas corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No: 2:13-cv-06642-FMO-AGR<br><br>Complaint filed: July 15, 2013<br><br><u>CLASS ACTION</u><br><br>**AGREEMENT TO TERMS OF STIPULATED PROTECTIVE ORDER**<br><br>Assigned to: Fernando M. Olguin<br><br>Referred to: Magistrate Judge Alicia G. Rosenberg |

I, _____ [NAME PRINTED], declare and say that:

1. I am employed as _____ by _____.

2. I have read the Stipulated Protective Order (the "Protective Order") entered in *Roderick Wright, et al. v. Renzenberger, Inc.,* U.S.D.C. Case No: 2:13-cv-06642-FMO-AGR, and have received a copy of the Protective Order.

3. I promise that I will use any and all Confidential Documents and Confidential Information, each as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4. I promise that I will not disclose or discuss any Confidential Documents or Confidential Information with anyone other than those persons allowed to receive and review such information pursuant to the terms of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the Superior Court of the State of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of Confidential Documents or Confidential Information, in any manner contrary to the provisions of the Protective Order, may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____  By: _____

_____
Print Name